IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL C. WHITING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:16-CV-261 |
| | § | |
| ADRIAN LAMBERT, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF
AND TEMPORARY RESTRAINING ORDER**

Before the Court is plaintiff MICHAEL WHITING's ("Whiting's") combined Motion for Injunction and Motion for a Temporary Restraining Order [ECF 28]. Whiting also filed a Motion for a Hearing on the TRO with an apparent second motion for a preliminary injunction [ECF 30]. For the following reasons, the Court recommends Whiting's motions should be denied.

I.
PLAINTIFF'S REQUESTS FOR INJUNCTIVE RELIEF AND RESTRAINING ORDER

Whiting contends he is being retaliated against for filing an excessive force lawsuit and that as a result of this retaliation he has received false disciplinary cases and been placed in administrative segregation housing unjustly. On September 2, 2017, the District Judge previously denied Whiting's requests for injunctive relief. Whiting has not asserted new grounds for injunctive relief in his present motions. Whiting continues to object to housing in the administrative segregation section of the Clements Unit. Whiting also objects to interference with his access to the courts by restricting his access to the law library and collaboration with other inmates.

## II.
## DEFENDANT'S OPPOSITION

On February 16, 2018, defendants filed their opposition to Whiting's motion(s) for injunctive relief. The Court has considered this opposition in making its findings.

## III.
## LEGAL STANDARD

In order to obtain a preliminary injunction under Federal Rule of Civil Procedure 65(a), the applicant must demonstrate all four of the following elements:

> "(1) a substantial likelihood of success on the merits;
> (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied;
> (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and
> (4) the injunction will not disserve the public interest."

*Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) (quoting *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998)). Injunctive relief is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted), *cert. denied*, 134 S.Ct. 1789 (2014).

Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted). Additionally, for a permanent injunction to issue, the plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847-48 (5th Cir. 2004). Movants for injunctive relief must show that constitutional violations have occurred and that state officials are "demonstrably unlikely to implement required changes" without injunctive relief. *Hay v. Waldron*, 834 F.2d 481 (5th Cir. 1987).

Federal Rule of Civil Procedure 65(b)(1) governs the issuance of a temporary restraining order ("TRO"). A TRO encompasses only restraint on a party for a fourteen day period. Fed. R. Civ. P. 65(b)(2). If plaintiff's requests for restraint extend beyond this period, then the Court may construe his requests as a motion for a preliminary injunction; as such, the plaintiff must satisfy the substantive requirements for a preliminary injunction in order to obtain this relief. *See White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

IV.
FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Whiting asks the Court to issue restraint on the defendants beyond the fourteen day limitations encompassed by a TRO; thus, the Court will treat Whiting's motion as a request for a preliminary injunction.

2. Whiting claims he has received false disciplinary charges as a result of filing this lawsuit. Whiting also claims he has been placed in administrative segregation housing as a result of these false disciplinary charges and in retaliation for filing his excessive force claims. Whiting requests to be housed with the general population and requests protection from disciplinary proceedings during the pendency of this lawsuit. Whiting also requests this Court prevent any interference with his access to the law library and collaboration with other inmates, specifically from defendant McBroom.

3. Whiting's claim for injunctive relief fails as a matter of law because he cannot show a substantial likelihood of success on the merits of his underlying retaliation claim regarding his disciplinary charges. Whiting presents no more than his personal belief that retaliation is the reason for these disciplinary charges. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Whiting has not alleged, nor shown, causation in these retaliation claims. *See McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Additionally, challenges to these disciplinary cases and their resultant punishments are barred by *Heck*. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating plaintiffs must pursue any challenges to disciplinary proceedings through habeas relief). If no good time was lost, then Whiting has not suffered a constitutional deprivation sufficient to merit injunctive relief anyway. *See Sandin v. Conner*, 515 U.S. 472 (1995).

4. Whiting asks the Court to prohibit officials at the Clements Unit where he is housed from placing him in administrative segregation. "Federal courts are

reluctant to interfere" with matters of prison administration and management, such as prison discipline and classification of inmates. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation). Whiting has not shown that these housing assignments were made in retaliation for filing this, or any other, lawsuit. Additionally, placement in administrative segregation is not a constitutional violation absent a showing of retaliation. *See Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995).

5. Whiting has not shown that his access to the courts has been affected in any manner. Whiting has regularly filed motions and responses in this case and has not articulated how any "interference" alleged has affected this lawsuit.

6. Whiting has failed to articulate that he will suffer an "irreparable injury" if injunctive relief does not issue. Whiting has an adequate remedy at law to address all of his claims against these defendants; thus, he has not shown he is likely to suffer an irreparable injury absent an injunction. *See Justin Indus., Inc. v. Choctaw Sec., L.P.*, 920 F.2d 262, 268 (5th Cir. 1990).

7. Because Whiting has not articulated an irreparable injury, he has not shown that such threatened injury would outweigh the harm in enjoining defendants from control over housing assignments, disciplinary procedures, and law library access and personnel decisions (which would be required to grant Whiting the injunctive relief he requests).

8. Whiting has not established that injunctive relief will not disserve the public interest. Prison administrators must be able to run prisons without the interference from the courts absent a showing of deliberate constitutional violations. *See Young*, 449 F.2d at 339.

9. Whiting has failed to meet his burden on any, let alone all, of the four elements required for issuance of injunctive relief. Having previously been denied injunctive relief on the same grounds by the District Judge, the Court finds no additional claims made by Whiting merit such relief now.

10. Whiting makes the same arguments for injunctive relief in his second motion [ECF 30] as in his first pending motion [ECF 28]. This second motion should be denied for the same reasons as those listed above.

## V.
## RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Whiting's motions for injunction relief and his motion for temporary restraining order [ECF 28 and 30] be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 11, 2018.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).