IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL C. WHITING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:16-CV-261-Z-BR |
| | § | |
| ADRIAN LAMBERT, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO GRANT DEFENDANT THOMAS' MOTION FOR SUMMARY JUDGMENT, TO
GRANT TDCJ DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT AND
TO DISMISS DEFENDANT LAMBERT**

Plaintiff  MICHAEL C. WHITING ("Whiting"), while a prisoner incarcerated with the Texas Department  of Criminal Justice ("TDCJ") and acting pro se, filed this lawsuit alleging violations of his civil rights by the defendants.

Plaintiff seeks monetary damages. For the following reasons, it is the RECOMMENDATION of the Magistrate Judge that defendant Thomas's Motion for Summary Judgment should be GRANTED, TDCJ Defendants' Joint Motion for Summary Judgment should be GRANTED, defendant Lambert should be DISMISSED from this lawsuit for lack of service, and plaintiff's complaint should be DISMISSED.

## I.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 255 (1986). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A qualified immunity defense, however, alters the usual summary judgment burden of proof, such that governmental employees need only assert the defense in good faith, putting forth no evidence, to shift the burden to the non-movant to show the defense does not apply. *Davalos v. Johns*, 2013 WL 1820313, at *3-4 (N.D. Tex. Apr. 30, 2013)(citing *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)). The non-movant must demonstrate how specific evidence in the record, and all reasonable inferences therefrom, viewed by the court in a light most favorable to the non-movant, presents a genuine, material fact dispute for trial regarding all essential elements of the claim(s). *Id.* at 4. "Conclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment." *Id.* Plaintiff's failure to produce proof as to *any* essential element of the claim renders all other facts regarding that claim immaterial. *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007). Summary judgment is mandatory as to the claim in question if plaintiff fails to meet this burden. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994)(en banc)(per curiam).

Qualified immunity is a defense that protects government officials from suit when they exercise the discretionary functions of their office. *See Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). In order to overcome a defense of qualified immunity, a plaintiff must establish that: "(1) the official violated a statutory or constitutional right, and (2) the right was 'clearly established at the time of the challenged conduct,' " *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). Plaintiff must demonstrate that the defendant's conduct was objectively unreasonable in light of the legal rules clearly established at

the time of her actions. *Thomas v. City of Dallas*, 175 F.3d 358 (5th Cir. 1999). Conclusory allegations of wrongdoing will not satisfy these requirements. *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988). The court may examine these factors in any order. *Pearson v. Callahan*, 555 U.S. 223 (2009) *overruling in part Saucier v. Katz*, 553 U.S. 194 (2001). It is a plaintiff's burden to present evidence that a defendant is not entitled to qualified immunity when the defense is raised. *See Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001).

Claims of qualified immunity are not judged on twenty-twenty hindsight, or in light of knowledge ascertained after an event, but by looking through the eyes of the public official, considering what that official knew about the situation at the relevant time. *Graham v. Connor*, 490 U.S. 386, 396–97 (1989); *Poole v. City of Shreveport*, 691 F.3d 624, 630 (5th Cir. 2012). "When properly applied, [qualified immunity] protects all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "Pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." *See Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir. 1997) (emphasis in original omitted). If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, then the officer's qualified immunity remains intact. *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005) (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

This Court also has the authority to dismiss an action against a defendant for failure of a plaintiff to prosecute or to comply with any order of the Court both under Federal Rule of Civil Procedure 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–631 (1962). The Court must be able to clear its calendars of cases that remain dormant for lack of service; such a sanction is necessary to

3

prevent undue delays in the disposition of pending cases and to avoid congestion in the Court's calendars. *See Link*, 370 U.S. at 630.

## II.    FACTUAL BACKGROUND

On October 9, 2014, Whiting was removed from his unit's law library for talking to other inmates without permission by defendant Davis-McBroom. As a result of this situation, Whiting received a minor disciplinary case. (ECF No. 72, p. 321–22). Prior to this date, Whiting had filed grievances against defendant Davis-McBroom as a result of being denied access to the law library in the past. (ECF No. 72, p. 354–56). On two unspecified dates, Whiting claims defendant Davis-McBroom rammed her belly into his groin area intentionally, which he reported to the Safe Prisons Officer, but no action was ever taken. (ECF No. 3, p. 23).

On December 16, 2014, Whiting claims he was subjected to the use of excessive force by TDCJ officer Adrian Lambert.[1] As a result of the use of force by Lambert, Whiting's pelvis was fractured, and he was hospitalized outside the unit. (ECF No. 66, p. 14). Following his return to the Clements Unit on December 22, 2014, defendant Judith Thomas, a nurse practitioner employed by the University of Texas Medical Branch, did not provide Whiting with Tramadol, a pain medication. Instead, Thomas offered only Tylenol No. 3, which was refused by Whiting, and ultimately provided only Ibuprofen for his pain after this refusal. (ECF No. 66, p. 37–39). Thomas's notes indicated that "labs" did not indicate that Tramadol was warranted. (ECF No. 66, p. 39).

Whiting remained in the TDCJ Clements Unit infirmary under the care of defendant Thomas for several weeks because his pelvic fracture had not sufficiently healed, despite his requests for discharge from the infirmary back to his regular cell assignment. (ECF No. 66, p. 10).

---

[1] As discussed in greater detail below, defendant Lambert has not been served with the Complaint and has not appeared in this matter.

Defendant Thomas regularly made appointment notes of care provided to Whiting while he was at the infirmary and of the specific rehabilitative exercises performed by Whiting during this time. (ECF No. 66, p. 4–39).

### III.    PLAINTIFF'S CLAIMS

Whiting seeks declaratory and compensatory relief from the defendants in their official and/or personal capacities for the following claims:

(1) Defendant Thomas, for deliberate indifference to medical needs in violation of the Eighth Amendment;

(2) Defendant Clark, for violating TDCJ policy in investigating false disciplinary charges brought against Whiting;

(3) Defendant Briant and defendant Duron, for failing to adequately investigate defendant Lambert's use of force against Whiting in violation of TDCJ policy;

(4) Defendant Brown and defendant Rogers, for false disciplinary cases, retaliation, denial of access-to-the-courts;

(5) Defendant Evans, for false disciplinary cases and retaliation;

(6) Defendant Davis-McBroom, for retaliation, false disciplinary cases, assault, denial of access-to-the-courts and denial of law library time; and

(7) Defendant Lambert, for excessive use of force in violation of the Eighth Amendment on December 16, 2014, and for retaliation.

### IV.    ANALYSIS

#### A. Defendant Thomas's Objections to Whiting's Summary Judgment Evidence

Defendant Thomas filed objections to Whiting's Response to her Motion for Summary Judgment and the attached evidence in support of his response. (ECF No. 83). Specifically, Thomas objects to Exhibit "XX", the "Statement of Richard Hays," a TDCJ offender housed at the Clements Unit. (ECF No. 82-1). Whiting filed a response to the objection. (ECF No. 86). Hays's declaration describes the care he received from defendant Thomas on a separate occasion,

unrelated to the incident that is the subject of this lawsuit. Whiting argues in his response to the objections that this testimony is offered to show Thomas's inability to follow a doctor's orders and her evil motives towards inmates at the Clements Unit. (ECF No. 86).

Defendant Thomas objects that the material cited to support or dispute a fact must be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2). Defendant Thomas asserts that Whiting's exhibit (the declaration of inmate Hays) would not be admissible at trial on a number of specific grounds, including citations to Federal Rules of Evidence 401–404 and 609. (ECF No. 83).

"At the summary judgment stage, materials cited to support or dispute a fact need only be capable of being presented in a form that would be admissible in evidence." *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016). The Advisory Committee's Note to the 2010 amendment to Rule 56 explains that an objection to a party's summary judgment evidence under Federal Rule of Civil Procedure 56(c)(2) shifts the burden to the party that submitted the evidence "to show that the material is admissible as presented or to explain the admissible form that is anticipated." The failure to show that the evidence in question is admissible as presented or in another form permits the Court to disregard the evidence in deciding the motion for summary judgment.

Rather than focus her objections on the form of the statement, Thomas argues that the content of statement is improper character evidence, irrelevant to Whiting's claims, and substantially more prejudicial than probative. Federal Rule of Evidence 404(b) prohibits evidence of other acts to prove the defendant's conformity therewith. *See* Fed. R. Evid. 404(b). However, the rule permits other-acts evidence "for other purposes, such as proof of motive …" *Id*. Here,

Whiting's response appears to argue that he submitted this declaration as proof of Thomas's motive towards inmates at the Clements Unit in general.

The Court should consider other-acts evidence to consider the motive of the actor, if intent or motive is an element of the constitutional violation. *See Tompkins v. Vickers*, 26 F.3d 603, 607 (5th Cir. 1994) ("Every Circuit that has considered the question has concluded that a public official's motive or intent must be considered in the qualified immunity analysis where unlawful motivation or intent is a critical element of the alleged constitutional violation.").

The central inquiry in any Eighth Amendment claim is whether the defendant acted with deliberate indifference to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a legal conclusion that must rest on facts evincing wanton action on the part of the defendant. *Walker v. Butler*, 967 F.2d 176, 178 (5th Cir. 1992); *see also Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (conduct must clearly evince wanton disregard). "[S]ubjective recklessness as used in the criminal law" is the appropriate test for deliberate indifference. *Farmer*, 511 U.S. at 839–40. A prison official acts with deliberate indifference only if he knows that inmates face a substantial risk of serious harm and disregards that risk. *Id*. at 847. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. Thus, the Supreme Court has explicitly rejected a *solely* objective test for deliberate indifference. *Id*. There is still an objective test to show that the medical need was sufficiently serious and that the prison official was aware or should have been aware of the risk.

If in fact the Hays declaration contained evidence that Thomas had a predisposed negative attitude toward all inmates at the Clements Unit *that caused her to act against a doctor's orders to their medical detriment*, it is possible that such evidence could constitute motive or subjective

7

intent evidence at trial. However, although Hays's declaration contains the phrase that Thomas is "vindictive and crazy," all other statements contained therein are hearsay concerning Thomas's intervention to cancel Hays's humanitarian parole. Nowhere in his declaration does Hays claim Thomas provided him substandard medical care or denied him medication or treatment. Rather, Hays believes Thomas is responsible for making a report to the parole board that affected a release decision. Further, Hays's declaration does not indicate that Thomas disregarded a doctor's orders to provide specific *medical care* to Hays, or that she did so with an evil motive to cause him medical harm or that he has personal knowledge of her alleged evil motives. Thus, this evidence is not relevant to Whiting's claims, and the objections as to relevance are sustained. Further, to the extent that Whiting appears to argue that Hays's declaration that Thomas is "vindictive and crazy" is admissible character evidence, the Court disagrees and sustains the defendant's objections to this evidence. Finally, Hays's declaration does not indicate that Thomas disregarded any doctor's order to provide medical care to Hays, and such statements could not be used to show she acted in conformity with such prior behavior in Whiting's case.

## B. Defendant Thomas's Motion for Summary Judgment

First, Whiting argues that Thomas's Motion for Summary Judgment is "premature" because he was not granted his discovery requests, which were denied by the undersigned and the District Judge prior to ordering Whiting to respond to the pending dispositive motions in this case. "One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)); *cf. Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995) ("[A] party asserting the defense of qualified immunity is not immune from all discovery, only that which is avoidable or overly broad." (citation and internal

quotation marks omitted)). "Consequently, this court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Backe*, 691 F.3d at 648. A district court must first find "that the plaintiff[']s pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks*, 41 F.3d at 994; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (directing that a plaintiff must "state a claim to relief that is plausible on its face"— excluding statements that are "no more than conclusions" that are "not entitled to the assumption of truth") (internal quotation marks omitted).

"Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe*, 691 F.3d at 648. "After the district court finds a plaintiff has so pleaded, if the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order '*narrowly tailored* to uncover only those facts needed to rule on the immunity claim.' " *Id*. (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507–08 (5th Cir. 1987)) (emphasis added). "Courts have an obligation ... to carefully scrutinize a plaintiff's claim before subjecting public officials to the burdens of broad-reaching discovery." *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986).

Here, the discovery requests by Whiting were denied and he was provided additional time to respond to the pending dispositive motions in this case. Despite the denial of his discovery requests, Whiting still submitted evidence to support his claims and present his case, evincing that he possessed the needed information to litigate defendants' claims of qualified immunity. As such, the Court does not find defendant Thomas's (or any other defendants) Motion for Summary

Judgment to be premature. In fact, the motions were all filed in accordance with the Court's Scheduling Order.

Official Capacity Claim

Whiting's claims against defendant Thomas in her official capacity are barred by Eleventh Amendment immunity. Eleventh Amendment immunity is an explicit constitutional limitation on the federal judicial power. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). The Eleventh Amendment restricts federal court jurisdiction in those cases in which the state is the real party in interest. *Hander v. San Jacinto Junior College*, 519 F.2d 273, 278 (5th Cir. 1975). A suit against an official in her official capacity is a suit against the state. *Hafer v. Melo*, 502 U.S. 21 (1991); *Sanders v. English*, 950 F.2d 1152, 1158 (5th Cir. 1992). Consequently, plaintiff's action against defendant Thomas in her official capacity is foreclosed by the Eleventh Amendment.

Individual Capacity Claim

Defendant Thomas is entitled to qualified immunity on Whiting's claims of deliberate indifference to his medical needs. After Thomas's assertion of qualified immunity, it is Whiting's burden to show a genuine issue of material fact exists as to all elements of deliberate indifference to his medical needs. Whiting must show that he had a serious medical need, Thomas was aware of that need, and she deliberately ignored the need or purposefully mistreated him.

Deliberate indifference "is an extremely high standard to meet." *Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 882 (5th Cir. 2004). ("We begin by emphasizing that our court has interpreted the test of deliberate indifference as a significantly high burden for plaintiffs to overcome."). A prison official acts with deliberate indifference "only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing

to take reasonable measures to abate it."[2] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)); *see also Reeves v. Collins*, 27 F.3d 174, 176–77 (5th Cir. 1994). Unsuccessful medical treatment, acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

"Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos*, 41 F.3d at 235 (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193–95 (5th Cir. 1993)); *Bejaran v. Cruz*, 79 Fed. App'x. 73, 74 (5th Cir. 2003) (stating that "Bejaran's admission in his complaint that the prison medical staff took x-rays of his back and ... gave him 'generic,' 'mild medications' refute his assertion of deliberate indifference to his medical needs"). "The decision whether to provide additional treatment 'is a classic example of a matter for medical judgment.'" *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Estelle*, 429 U.S. 97, 107 (1976)). A showing of deliberate indifference requires the prisoner to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). The Fifth Circuit has defined a "serious medical need" as "one for which treatment has been recommended or for which the need is so apparent that *even a layman* would recognize that care is required." *Gobert*, 463 F.3d at 345 n.12 (emphasis added).

---

[2] This two-part test for deliberate indifference requires *both* knowledge of a substantial risk of serious bodily harm and a conscious disregard of the known risk.

"Deliberate indifference is more than mere negligence or even gross negligence." *Brown v. Callahan*, 623 F.3d 249, 255 (5th Cir. 2010). Specifically, negligent medical care does not constitute a valid section 1983 claim. *Mendoza v. Lynaugh*, 989 F.2d at 193. A plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978). A misdiagnosis and the resulting inadequate medical care do not violate the Constitution. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (active treatment of prisoner's serious medical condition, which ultimately resulted in death, does not constitute deliberate indifference, even if treatment was negligently administered); *see also Garrett v. Univ. of Tex. Med. Branch*, 261 Fed. App'x. 759, 760 (5th Cir. 2008) (finding no deliberate indifference despite alleged misdiagnosis and incorrect treatment because plaintiff failed to prove defendant *intentionally* treated him incorrectly). Deliberate indifference only encompasses "unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Domino*, 239 F.3d at 756.

Here, Whiting asserts that defendant Thomas failed to provide him with Tramadol, a pain medication he claims he was prescribed by the discharging doctor at the hospital, following his release back to the infirmary at TDCJ. Medical records show that defendant Thomas regularly examined Whiting, performed lab tests, recommended continued care rather than dismissal from the infirmary, offered Whiting Tylenol No. 3, and provided Whiting Ibuprofen for pain as needed. Thomas also provided an order for Whiting to have a cart to haul his property following his release from the infirmary. (ECF No. 66). Thus, the summary judgment record clearly indicates that defendant Thomas was not deliberately indifferent to Whiting's medical need for pain medication following his pelvic fracture.

### C. TDCJ Defendants' Joint Motion for Summary Judgment

Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires that a civil pleading submitted to the Court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 also requires that the pleading contain "a demand for the relief sought." Fed. R. Civ. Proc. 8(a)(3). Although no technical form is required, each allegation in a pleading must be simple, concise and direct. Fed. R. Civ. Proc. 8(d)(1). Such a statement and demand are necessary to provide the opposing party with fair notice of what the claim is, the grounds upon which it rests, and the relief being sought. In reviewing the adequacy of a pleading, the task of this Court is not to decide if the pleading party will eventually be successful, but to determine if a "legally cognizable claim" has been asserted. *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).

The Court cannot act as plaintiff's attorney and construct his claims for him. As a pro se litigant, plaintiff has assumed that role for himself. Plaintiff is the master of his complaint and is, in the end, the person responsible for articulating the facts that give rise to a cognizable claim. *Davis v. Scott*, 157 F.3d 1003, 1005–1006 (5th Cir. 1998). Here, the Court has identified the claims Whiting has asserted adequately in his Complaint in Section III, above. To the extent that Whiting argues other Constitutional or statutory violations, he has failed to adequately plead such claims.

Exhaustion

Title 42, United States Code, 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 (PLRA), provides that "[n]o action shall be brought with respect to prison

conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[A]n inmate seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money. *Booth v. Churner*,  532 U.S. 731 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516 (2002). "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*,  532 at 741 n.6.The Supreme Court recognized in *Jones* that failure to exhaust administrative remedies is a basis for dismissal for failure to state a claim when that affirmative defense has been asserted by defendants and is properly under court scrutiny.  *Jones v. Bock*, 549 U.S. 199, 216 (2007). Here, defendants have raised this affirmative defense within their motion.

The PLRA's exhaustion requirement requires proper exhaustion in compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81 (2006).  In determining whether a grievance is sufficiently detailed to exhaust administrative remedies with respect to a particular claim, the Court interprets the exhaustion requirement in light of its purposes, which include the goal of giving officials "time and opportunity to address complaints internally." *Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004) (quoting *Porter v. Nussle*, 534 U.S. at 525). Thus, the amount of information necessary depends on the type of problem being grieved; and a grievance is sufficient if it gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit. *Id*.  The Fifth Circuit strictly requires that prisoners follow and complete the *two-step* grievance process created by TDCJ to properly exhaust claims.

Here, defendants have submitted all grievances filed by Whiting for the time period discussed in his complaint. (ECF No. 72-1). These grievance reference denial of his access to the law library by defendant Davis-McBroom on several occasions, the use of excessive force by defendant Lambert, and delay of his eye surgery (which is not a claim before the Court). Additionally, Whiting brings some Step One grievances against other named defendants. In his response to the defendants' Joint Motion for Summary Judgment, Whiting states that Exhibit "AA" of his response (ECF No. 85-2) contains specific grievances for all defendants, but only his grievance filed against defendant Evans and his grievance filed against defendant Davis-McBroom are referenced by this response. Although the Court does not require that plaintiff specifically mention all defendants by name, Whiting must specifically address each incident complained of in *both* steps of a grievance process to have properly exhausted his claims.

The Court notes that Whiting filed a Step One grievance against defendant Evans over a disciplinary case and, in fact, TDCJ overturned his disciplinary conviction in that instance. (ECF No. 82-2, pp. 8–10). A Step 2 grievance was not filed against Evans, nor did Whiting indicate by this grievance that Evans attempted to place a false disciplinary case on him for retaliation or any other reason. Whiting simply indicated by this grievance that he had permission to be in the laundry room (the reason he was disciplined) on the day in question and that Evans was married to the chief counsel substitute, who did not investigate the claims. He did not allege retaliation or any other violations for TDCJ to address, nor did he pursue a Step 2 grievance. Thus, his grievance was not sufficiently detailed to support his current allegations that the disciplinary case was in retaliation for some act or that it was knowingly false. Unless TDCJ was provided the opportunity to remedy an additional wrong now alleged by Whiting in his complaint, the grievance insufficiently provided notice of a claim sufficient to exhaust these administrative remedies.

Thus, the Court finds that Whiting has failed to exhaust his administrative remedies against these TDCJ defendants, excepting defendant Davis-McBroom. As such, these claims are "premature as a matter of law" and must be dismissed. *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998). Further, to any extent that Whiting intends to argues his vague, general statements concerning retaliation, made in either his complaint or his grievances, constitute exhaustion of his administrative remedies, the Court finds such references insufficient to give TDCJ proper notice of a claim to remedy.

Official Capacity Claims

As outlined above with defendant Thomas, Whiting's claims against these TDCJ defendants in their official capacities are barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21 (1991); *Sanders v. English*, 950 F.2d 1152, 1158 (5th Cir. 1992).

Access-to-the-Courts Claims Against Defendant Davis-McBroom

Prisoners have a constitutional right of meaningful access-to-the-courts. *Degrate v. Godwin*, 84 F.3d 768, 768–69 (5th Cir. 1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). However, this constitutional guarantee is not without limitation. *Lewis v. Casey*, 518 U.S. 343 (1996) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). In *Lewis*, the Supreme Court reviewed its holding in *Bounds*, which is the source of a prisoner's constitutional right to "meaningful access to the courts." *Bounds*, 430 U.S. at 828. While the Supreme Court reaffirmed a prisoner's right of access-to-the-courts in *Lewis*, the Court limited the parameters of *Bounds* and set forth a standard to be applied when determining whether to grant relief for an access-to-the-court violation. *Lewis*, 518 U.S. at 349-50. In so holding, the Court noted that a prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing. *Id*. at 349. The Court used the analogy of a prisoner who is denied access-to-the-courts but has not shown any actual

16

injury to that of a healthy prisoner who has been deprived of medical treatment. In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983. *Id*. at 350. The Court emphasized that a court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons. *Id*. Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *see also Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that plaintiff's claims are frivolous. Clearly, plaintiff has not satisfied the "actual injury" requirement. Plaintiff has failed to demonstrate that he lost the right to commence, prosecute or appeal any suit as a result of the alleged denial of access to the courts. Thus, he has failed to state any actual injury. Plaintiff's access-to-the-court claim against defendant Davis-McBroom lacks an arguable basis in law and is frivolous. *See Neitzke v. Williams*, 490 U.S. 319 (1989).

Retaliation Claims Against Defendant Davis-McBroom

To state a claim for retaliation, a prisoner must allege facts that establish:

(1) he exercised a specific constitutional right;

(2) the defendant had the intent to retaliate against him for his exercise of that right;

(3) a retaliatory adverse act occurred; and

(4) causation.

*Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citing *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied*, 522 U.S. 995 (1997)). Plaintiff fails to provide any factual allegations to support a constitutional claim of retaliation.

17

A prisoner who asserts a retaliation claim must assert specific facts; mere conclusory allegations are not enough. *Whittington v. Lynaugh*, 842 F.2d 818, 820 (5th Cir. 1988); *see also Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988). The Fifth Circuit has held that the elements of a claim under a theory of retaliation include causation, which is a showing that but for the retaliatory motive, the action complained of would not have occurred. *Johnson*, 110 F.3d at 310. This requirement places a heavy burden on inmates, because the inmate must produce either direct evidence of retaliation or a chronology of events from which retaliation may plausibly be inferred. *Woods*, 60 F.3d at 1166. The relevant showing must be more than the prisoner's personal belief that he is the victim of retaliation. *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995).

Here, plaintiff fails to show that but for a retaliatory motive, defendant Davis-McBroom would not have reported a disciplinary case against Whiting for speaking without permission in the law library. Further, these disciplinary cases were not overturned. Thus, Whiting's retaliation claim fails.

Assault Claims Against Defendant Davis-McBroom

The PLRA requires either physical injury or a "sexual act" before a prisoner can bring a claim for damages. *See* 42 U.S.C. § 1997e(e). "Sexual act" is defined by Title 18 U.S.C. § 2246. A touching through the clothing of a prison official's belly to an inmate's "groin area" does not meet one of the four listed definitions provided by law. Additionally, Whiting did not allege he suffered any physical injury as a result of the contact. "Isolated, unwanted touchings by prison employees are despicable and may form the basis of a state tort action, but they 'do not involve a harm of federal constitutional proportions as defined by the Supreme Court.' " *See Pryer v. Walker*, 385 Fed. App'x. 417, 418 (5th Cir. 2010) (quoting *Boddie v. Schneider*, 105 F.3d 857, 860–61 (2nd Cir. 1997)). Thus, Whiting's claim for assault against defendant Davis-McBroom fails.

### D.  Defendant Lambert

On August 17, 2017, this Court issued an Order to Answer for defendants, including defendant Lambert. (ECF No. 17). The Attorney General filed an Advisory with the Court that defendant Lambert was no longer employed by TDCJ. (ECF No. 21). At this time, the Attorney General provided the last known address of defendant Lambert, which the Court sealed. *Id*. The Court ordered the U.S. Marshal to attempt service on defendant Lambert at this last known address. (ECF No. 37-38). The summons issued for defendant Lambert was returned unexecuted by the U.S. Marshal. (ECF No. 43). The Court issued an order requiring Whiting to provide a service address for defendant Lambert, indicate his intent to serve Lambert, or show cause why defendant Lambert should not be dismissed from this lawsuit. (ECF No. 48). Subsequently, and in response to Whiting's request for discovery concerning defendant Lambert, the Court ordered the Attorney General to provide any additional information in its possession regarding defendant Lambert's whereabouts. (ECF No. 63). The Attorney General filed a response indicating that no information existed in defendant Lambert's master personnel file that was responsive to the Court's disclosure order. (ECF No. 69). The Court warned Whiting that defendant Lambert would be dismissed from the suit if not served by October 14, 2019. (ECF No. 63). Service has never been completed on defendant Lambert.

For these reasons, it is the opinion of the Court that the complaint filed by Whiting against defendant Adrian Lambert should be dismissed pursuant to Federal Rule of Civil Procedure 4(m) and Federal Rule of Civil Procedure 41(b). If Whiting objects to dismissal and shows good cause as to why his case should not be dismissed, then he should be required to explain to the Court how he intends to proceed against defendant Lambert. The Court does not accept as good cause the need for discovery of the addresses where service was previously attempted on defendant Lambert

but failed, nor does the Court accept Whiting's proposed discovery requests that were denied by the Court. The Marshal was unable to effect service at any location provided to the Court; further, the Attorney General has already, by order of the Court, provided the information contained in TDCJ records concerning Lambert's last known whereabouts that the Marshal used. Thus, Whiting must establish in his objections not only another way he intends to serve Lambert, but also why he did not complete service since the Court's last order denying additional discovery and imposing a deadline for service or dismissal.

## V.     <u>RECOMMENDATION</u>

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge to the District Judge that the Motion for Summary Judgment filed by defendant Thomas be GRANTED. It is further RECOMMENDED that the Joint Motion for Summary Judgment filed by the TDCJ defendants be GRANTED. It is also RECOMMENDED that defendant Lambert be dismissed from his lawsuit, as he has not been served with the complaint. Finally, the complaint filed by MICHAEL C. WHITING should be DISMISSED WITH PREJUDICE.

## VI.     <u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on January 23, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## **<u>* NOTICE OF RIGHT TO OBJECT *</u>**

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), as recognized in *ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).